NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OKEKE KINGSLEY EGUNGWU,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 18-73475

Agency No. A077-353-799

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 1, 2021
San Francisco, California

Before: WARDLAW and BERZON, Circuit Judges, and CHEN,** District Judge.

Okeke Kingsley Egungwu (Kingsley), a purported native and citizen of

Sierra Leone, petitions for review of the Board of Immigration Appeals's (BIA)

decision affirming the Immigration Judge's (IJ) order denying him asylum,

withholding of removal, and deferral of removal under the Convention Against

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Edward M. Chen, United States District Judge for the
Northern District of California, sitting by designation.

Torture.  We have jurisdiction under 8 U.S.C. § 1252.  We deny the petition.[1]

1.  Substantial evidence supported the BIA's denial of Kingsley's application for asylum and withholding of removal based on his failure to demonstrate a well-founded fear of persecution in Sierra Leone.

The evidence supported the BIA's finding that "DHS established by a preponderance of the evidence" that there has been a fundamental change in the country conditions in Sierra Leone that bore on whether Kingsley has a well-founded fear of future persecution.  According to the record, the Sierra Leone civil war ended in 2002.  Members of both the Civil Defense Force (CDF) and Revolutionary United Front (RUF)—the two militias that Kingsley claimed had persecuted him during that civil war—were tried for war crimes, and the RUF militia disbanded entirely.  Sierra Leone now enjoys "peaceful multiparty elections," its "constitution and law provide citizens the ability to change their government through free and fair periodic elections based on universal and equal suffrage," and "citizens exercised that ability."  Moreover, in both 2015 and 2016, "there were no reports of politically motivated disappearances," nor were there "reports of political prisoners or detainees."  The agency appropriately noted these

---

[1]    We assume without deciding that Kingsley testified credibly and that the Immigration and Nationality Act's terrorism bar, *see* 8 U.S.C. § 1182(a)(3)(B), did not render him inadmissible to the United States.  We thus address only the agency's conclusions regarding changed country conditions in Sierra Leone and their impact on Kingsley's claims for relief.

changes in Sierra Leone as it tailored its analysis of changed country conditions to Kingsley's "claims of past persecution[,] . . . based on the actions by one of the parties to the civil war in the 1990s."

The agency reasonably concluded that Kingsley lacked a well-founded fear of future persecution in Sierra Leone. The changed circumstances in Sierra Leone rebutted any presumption of future persecution premised on past persecution. *See Sowe v. Mukasey*, 538 F.3d 1281, 1286 (9th Cir. 2008) (finding rebutted, for similar reasons, any presumption of future persecution by the RUF). And absent such a presumption, the agency reasonably determined that Kingsley's remaining concerns about living in Sierra Leone amounted to a "general, undifferentiated" fear of violence, which is insufficient to establish a well-founded fear of persecution. *Lolong v. Gonzales*, 484 F.3d 1173, 1179 (9th Cir. 2007).

2. Substantial evidence supported the agency's denial of Kingsley's application for CAT relief, based, again, on the evidence of changed country conditions. *See Sowe*, 539 F.3d at 1288 ("[J]ust as changed country conditions can defeat an asylum claim, they can also defeat a claim for CAT protection."); *cf. Konou v. Holder*, 750 F.3d 1120, 1125 (9th Cir. 2014) (noting that "a State Department Report alone can . . . serve to outweigh an applicant's evidence of a probability of torture," including credible evidence of his past torture so long as the IJ provides an "individualized analysis").

3

**PETITION DENIED.**